```
 1  KEVIN P. MUCK (State Bar No. 120918)
    KATHRYN J. FRITZ (State Bar No. 148200)
 2  ILANA S. RUBEL (State Bar No. 221517)
    FENWICK & WEST LLP
 3  Embarcadero Center West
    275 Battery Street, Suite 1500
 4  San Francisco, CA 94111
    Telephone:  (415) 875-2300
 5  Facsimile:  (415) 281-1350

 6  Attorneys for Defendant
    Cisco Systems, Inc.
```

IT IS SO ORDERED
*James Ware*
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IAN ROGERS, COLLEEN ROGERS, and THE IAN ROGERS, M.D. DEFINED CONTRIBUTION PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Case No. CV-03-03293-JW<br><br>[MDL No. 1527] |
| In re CISCO SYSTEMS, INC. SECURITIES LITIGATION | Case No. C-01-20418-JW |

**STIPULATION AND [PROPOSED] ORDER RECOMMENDING REMAND**

This stipulation is entered into by and among plaintiffs Ian Rogers, Colleen Rogers, and The Ian Rogers, M.D. Defined Contribution Plan (collectively, "Rogers Plaintiffs") and defendant Cisco Systems, Inc. ("Defendant").

WHEREAS the above-captioned case (the "Rogers Action") was transferred to the United States District Court for the Northern District of California and consolidated for discovery purposes with the case of In re Cisco Systems Inc., Securities Litigation, Case No. 01-20418 (the "Class Action");

1  WHEREAS, pursuant to the Order of June 17, 2003, such transfer was for the stated
2  purpose of eliminating duplicative discovery, preventing inconsistent pretrial rulings and
3  conserving the resources of the parties, counsel and the judiciary;
4  WHEREAS there is no longer a danger of duplicative discovery between the consolidated
5  cases as discovery ended on September 30, 2005 and expert discovery is concluding March 3,
6  2006;
7  WHEREAS the Rogers Action has been brought exclusively under Florida law, unlike the
8  Class Action which has been brought under federal securities laws;
9  WHEREAS the Rogers Action presents different questions of law and fact than the
10 remaining consolidated matters;
11 WHEREAS any trial in the Rogers Action will take place in the United States District
12 Court for the Northern District of Florida (the "Florida Court"); and
13 WHEREAS the Florida Court may be better positioned to address the questions of Florida
14 law presented by this case;
15 THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiffs and Defendant
16 that remand of this case back to the Florida Court is appropriate. The parties to the Rogers Action
17 hereby jointly request that the Court enter an Order recommending to the JPML that this case be
18 remanded to the Florida Court, and further enter an Order that the deadline for the submission of
19 summary judgment motions be vacated pending the determination of the Judicial Panel on
20 Multidistrict Litigation (the "JPML") regarding whether this case shall be so transferred.
21
22
23
24
25
26
27
28

STIPULATION    -2-    CASE NOS. CV 03-03293-JW & C-01-20418-JW
[MDL NO. 1527]

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: February 28, 2006

BEGGS & LANE, RLLP

By _____
J. NIXON DANIEL, III

Attorneys for Plaintiffs Ian Rogers, Colleen Rogers, and The Ian Rogers, M.D. Defined Contribution Plan

Dated: February 28, 2006

FENWICK & WEST LLP

By _____
KATHRYN J. FRITZ

Attorneys for Defendant Cisco Systems, Inc.

IT IS SO ORDERED.
DATED: March 2, 2006

_____
The Honorable James Ware
United States District Court Judge

STIPULATION

-3-

CASE NOS. CV 03-03293-JW & C-01-20418-JW
[MDL NO. 1527]